UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

United States, *et al.*, *ex rel.* Scott Laney, )
)
    Plaintiffs, )
) Case No. 6:15-cv-1367-Orl-37DAB
v. )
) **FILED UNDER SEAL**
Millennium Health, LLC )
)
    Defendant. )
_____)

**UNITED STATES'** *EX PARTE* **APPLICATION
FOR PARTIAL LIFTING OF THE SEAL
AND LEGAL MEMORANDUM IN SUPPORT**

For the reasons set forth herein, the United States of America respectfully petitions this Court for an <u>ex parte</u> order partially lifting the seal in this case to permit the United States, at its discretion, to disclose the existence of this case, and provide copies of the complaint and any amended complaints in this case to (1) Millennium Health, LLC, to facilitate ongoing settlement discussions; (2) to relators and relators' counsel in other *qui tam* cases against Millennium, in order to resolve first-to-file issues that may arise under the False Claims Act; and (3) to employees and counsel for Millennium's insurance carriers and lenders, in order to effectuate a proposed settlement offer. The Relator concurs in this request.

I. <u>Statement of Facts</u>

In this recently filed case, Relator Scott Lahey ("Relator") alleges on behalf of the United States, under the qui tam provisions of the False Claims Act, 31 U.S.C. 3730(b), that Millennium, also known as Millennium Laboratories, Inc., submitted false claims to



federal health care programs for pharmacogenomics testing. There are eight qui tam cases pending against Millennium under seal in the District of Massachusetts, including two *qui tam* cases that allege Millennium submitted false claims to federal health care programs for pharmacogenomics testing.[1]

On May 20, 2015, the United States reached an agreement in principle to resolve the allegations in a number of the *qui tam* cases pending against Millennium in the District of Massachusetts, including allegations pertaining to false claims to federal health care programs for pharmacogenomics testing. Counsel for Millennium subsequently informed the United States that, pursuant to contractual agreements, Millennium is required to give notice to its insurers and lenders of the complaints in the relevant cases against the company in order to obtain approvals that Millennium states are necessary to consummate the proposed settlement. Counsel for Millennium has therefore requested that the United States file requests for partial lifts of the seals of any filed *qui tam* complaints so that Millennium can discuss the complaints and proposed settlement with its insurance carriers, lenders, and their respective counsel.

The United States has obtained partial lifts of the seal upon the other *qui tam* cases against Millennium to permit the disclosures the United States requests in this application.

---

[1] (1) United States, et al., ex rel. Mark McGuire v. Millennium Laboratories, Inc., No. 12-CV-10132-NMG (D. Mass.) (UNDER SEAL); (2) United States, et al., ex rel., Ryan Uehling v. Millennium Laboratories, Inc., et al., No. 12-CV-10631-NMG (D. Mass.) (UNDER SEAL); (3) United States, et al., ex rel., Wendy Johnson v. Millennium Laboratories, Inc., No. 12-CV-12387 (D. Mass.) (UNDER SEAL); (4) United States, et al., ex rel., Omni Healthcare, Inc., and John Doe v. Millennium Laboratories, Inc., No. 13-CV-10825-RGS (D. Mass.) (UNDER SEAL) ("Omni I"); (5) United States, et al., ex rel. Allstate Insurance Company and Lawrence K. Spitz, M.D. v. Millennium Laboratories, Inc., No. 14-CV-14276 (D. Mass.) (UNDER SEAL); (6) United States, et al., ex rel., Omni Healthcare, Inc., and John Doe v. Millennium Laboratories, Inc., No. 14-CV-13052 (D. Mass.) (UNDER SEAL) ("Omni II"); (7) United States, et al., ex rel. Amadeo Pesce v. Millennium Health et al., No. 15-CV-10821-ADB (D. Mass.) (UNDER SEAL); (8) United States, et al., ex rel. Patrick Watson v. Millennium Health, LLC et al., No. 15-cv-11870-RGS (D. Mass.).

## II. Points and Authorities

Under section 3730(b) of the FCA, *qui tam* complaints are filed under seal so that the United States has "an adequate opportunity to fully evaluate the private enforcement suit and determine both if the suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *See* Legislative history of the FCA, S. Rep. 99-345, 99th Cong., 2d Sess., reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289.

The United States respectfully submits that the requested partial lift is in the interests of justice and judicial economy. Millennium has agreed to a settlement in principle to resolve allegations that potentially overlap with those contained in the instant case. Permitting disclosure of this case to Millennium and relators in other *qui tam* actions against Millennium could potentially facilitate the resolution of this case and allow relators to freely discuss the allegations of their complaints with one another and perhaps resolve conflicts that might arise under the False Claims Act's first-to-file rule, 31 U.S.C. 3730(b)(5).

As discussed above, Millennium has also informed the United States that consent is required from its lenders and insurers in order to consummate the proposed settlement. Permitting disclosure of this case to Millennium's lenders and insurers will allow them to evaluate the proposed settlement, and potentially enable the parties to resolve allegations in some, and potentially all, of the *qui tam* cases pending against Millennium.

## III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court partially lift the seal as set forth above, and to enter the proposed order attached hereto.

Respectfully submitted,

Benjamin C. Mizer
Principal Deputy Assistant Attorney General

A. Lee Bentley, III
United States Attorney

*Scott Paul, AUSA for*
Lacy R. Harwell, Jr.
Assistant United States Attorney
Florida Bar no. 714623
400 North Tampa St., Suite 3200
Tampa, FL 33602
Ph. (813) 274-6000
Fax (813) 274-6200
Randy.Harwell@usdoj.gov

Michael D. Granston
Tracy L. Hilmer
Douglas J. Rosenthal
Attorneys, Civil Division
U.S. Department of Justice
P.O Box 261, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-2073

Dated: October 6, 2015

### Certificate of Service

I HEREBY CERTIFY that on this 6th day of October, 2015, I caused a true copy of the foregoing to be served by United States mail, first class postage prepaid, upon the following counsel of record:

Emily Stabile
Claire Sylvia
Phillips and Cohen
100 The Embarcadero, Suite 300
San Francisco, CA 94105

*Scott Paul, AUSA for*
Lacy R. Harwell, Jr.
Assistant United States Attorney

4